**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| **RESIDENTIAL WARRANTY COMPANY, LLC,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 1:25-cv-00302** |
| ) | |
| **VIRGINIA WHITE, individually and in** ) | |
| **her capacity as Power of Attorney for** ) | |
| **Warren Simmons,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

Plaintiff, Residential Warranty Company, LLC ("RWC"), by and through its undersigned counsel, hereby sues Defendant, Virginia White, individually and in her capacity as Power of Attorney for Warren Simmons ("Defendant"), and in support thereof states as follows:

**<u>INTRODUCTION</u>**

1.      RWC brings this action to obtain declaratory and injunctive relief in the form of an Order prohibiting Defendant from pursuing class action claims against RWC in an arbitration proceeding. Although the parties' agreement does not authorize class action claims to proceed in arbitration or for the issue of the availability of class action claims to be decided by an arbitrator, Defendant has recently attempted to pursue class action claims (the "Class Claims") in a pending bilateral arbitration proceeding through the filing of a (1) "Verified Demand for Arbitration and Injunctive Relief" (the "Verified Demand") (*see* Verified Demand attached as **Ex. 1**), and (2) "Verified Motion for Class Certification of [RWC] [*sic*] Horton Homeowners and Request for Injunctive Relief" (the "Motion") (*see* Motion attached as **Ex. 2**.)

2.     In connection with the construction of her home, Defendant obtained a home warranty program from RWC through her builder, DR Horton, Inc. – Birmingham ("DR Horton"). The terms of the RWC home warranty program are reflected in an agreement entitled "The Limited Warranty." Defendant's purported Class Claims stem from a limited warranty claim that Defendant filed with RWC that was subsequently denied, and that is now being adjudicated in a pending arbitration proceeding (the "Arbitration"). (*See* The Limited Warranty attached as **Ex. 3**.)

3.     The Verified Demand was recently filed in the Arbitration to allege the Class Claims, which seek damages in excess of $1.7 billion. *See* Ex. 1 at 41.

4.     The Limited Warranty, however, is silent as to (1) whether the arbitrability of class claims is an issue for the Court or an arbitrator to decide, and (2) whether class claims may be pursued in arbitration. *See* Ex. 3.

5.     Counsel for RWC notified counsel for Defendant that the filings in arbitration in support of the Class Claims are improper under binding precedent from the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit. RWC further demanded that Defendant withdraw any and all filings attempting to pursue the Class Claims based on the binding precedent because (1) threshold issues of class arbitrability are to be decided by the Court, and (2) class arbitration cannot be compelled where, as here, the operative arbitration agreement is silent as to class arbitration. (*See* July 14, 2025, Letter attached as **Ex. 4**.) Counsel for Defendant refused to withdraw any filings submitted in arbitration in support of the Class Claims, and indicated an intent to continue to pursue the Class Claims in arbitration. (*See* July 15, 2025, Letter attached as **Ex. 5**.) One week later, on July 22, 2025, Defendant filed her Motion for Class Certification. *See* Ex. 2.

6.      RWC is therefore compelled to bring this lawsuit to obtain a declaration that (1) the Court must determine the arbitrability of Defendant's purported Class Claims, and (2) Defendant may not pursue class claims in arbitration. RWC also seeks, and is entitled to, injunctive relief precluding Defendant and her counsel from pursuing class claims in an arbitration proceeding.

## PARTIES

7.      RWC is a Pennsylvania limited liability company with its principle place of business at 5300 Derry Street, Harrisburg, PA 17111. RWC at all times relevant to this Complaint, and since 1981, has been a provider of limited home warranties for homeowners across the United States.

8.      Defendant, at all times relevant to this Complaint, is a citizen of Alabama with her place of residence and domicile at 14300 Spearfish Dr., Foley, AL 36535 (the "Property").

## JURISDICTION AND VENUE

9.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. RWC and Defendant are citizens of different states and the amount in controversy, without interest and costs, exceeds $75,000.

10.      RWC is a Pennsylvania limited liability company that maintains its principal place of business in Harrisburg, Pennsylvania. While the citizenship of a corporation is determined by its state of incorporation and principal place of business, a limited liability company's citizenship is determined by that of its members: "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The members of RWC are TPG 2016 Family Continuity, LLC ("TPG Family") and TPG 2016 GAP Descendants, LLC ("TPG GAP"). TPG Family is a South Dakota limited liability company that is 100% owned by

the Parmer 2016 Family Continuity Trust whose Trustee, the Bridgeford Trust Company, LLC, is a South Dakota limited liability company. TPG GAP is a South Dakota limited liability company that is 100% owned by the George Adam Parmer 2016 Descendants Trust whose Trustee, the Bridgeford Trust Company, LLC, is a South Dakota limited liability company. Bridgeford Trust Company, LLC is owned 100% by Bridgeford Capital Group, LLC, a Delaware limited liability company. The members of Bridgeford Capital Group, LLC are as follows: David Warren (citizen of Pennsylvania); Kurt Trimarchi (citizen of New Jersey); Ashley Blake (citizen of South Dakota); Terris Harris (citizen of Pennsylvania); and McKonly & Asbury, LLP, a Pennsylvania limited liability partnership. The above-stated jurisdictional information for Bridgeford Trust Company, LLC and its related entities and owners ("*Bridgeford*") is provided only for purposes of this litigation, and Bridgeford does not otherwise consent to the jurisdiction of this Court. Thus, for purposes of diversity jurisdiction, RWC is a citizen of the Commonwealth of Pennsylvania, the State of New Jersey, and the State of South Dakota.

11.    Defendant is a citizen of the State of Alabama with her domicile in Foley, Alabama.

12.    The Verified Demand, which attempts to assert the Class Claims, seeks damages from RWC in excess of $1.7 billion in the pending arbitration proceeding.

13.    This Court has personal jurisdiction over the parties, and venue is proper in this Court under 28 U.S. Code § 1391(b)(1) and (2), because the Defendant is a resident of and the Defendant's Property is located in Foley, Baldwin County, Alabama, in the City and County embraced by the Southern District and the Mobile Division.

## FACTS

14.    In January 2021, Defendant executed a home purchase agreement with DR Horton for the Property. *See* Ex. 1.

15.     In connection therewith, Defendant obtained The Limited Warranty from RWC through DR Horton.

16.     During DR Horton's construction of the Property, Defendant allegedly discovered the Property contained construction defects.

17.     Due to the alleged defects, Defendant filed a claim with RWC under the terms of The Limited Warranty. RWC investigated Defendant's claim, determined there was no Major Structural Defect based on the opinion of the engineer and the terms of The Limited Warranty, and denied the claim.

18.     Defendant's claim under the terms of The Limited Warranty constitutes an "Unresolved Warranty Issue," which is defined by the agreement as follows:

> **Unresolved Warrant Issue**
> All requests for warranty performance, demands, disputes, controversies and differences that may arise between the parties to this Limited Warranty that cannot be resolved among the parties. An Unresolved Warranty Issue may be a disagreement regarding:
> a. the coverages in this Limited Warranty;
> b. an action performed or to be performed by any party pursuant to this Limited Warranty;
> c. the cost to repair or replace any item covered by this Limited Warranty

Ex. 3 at 2.

19.     Section E., Arbitration, of The Limited Warranty provides that in the event of an Unresolved Warranty Issue, a claimant must begin the "arbitration process by giving the Administrator written notice of your request for arbitration." *Id.* at 22. Section E. further provides:

> This binding arbitration is governed by the procedures of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et. seq*. . . . The arbitration shall be conducted in accordance with this Limited Warranty and the arbitration rules and regulations to the extent that they are not in conflict with the Federal Arbitration Act. . . . [T]his Limited Warranty provides for mandatory binding arbitration of Unresolved Warranty Issues . . . .

*Id.*

20.    The Limited Warranty is silent as to the issues of (1) who determines the arbitrability of claims between the parties, and (2) the arbitration of class claims. *See id*.

21.    Nevertheless, on July 8, 2025, Defendant filed the Verified Demand in the ongoing bilateral arbitration proceeding to pursue the Class Claims against RWC, which seek damages from RWC in excess of $1.7 billion on behalf of the purported class. *See* Ex. 1 at 41.

22.    On or around July 14, 2025, counsel for RWC notified counsel for Defendant that the pursuit of the Class Claims in arbitration is improper in light of the clear language of The Limited Warranty and binding precedent from the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit. *See* Ex. 4; *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 186, 139 S. Ct. 1407, 1417, 203 L. Ed. 2d 636 (2019) (holding that "[n]either silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to [arbitrate class claims]"); *JPay, Inc. v. Kobel*, 904 F.3d 923 (11th Cir. 2018) (holding that "the availability of class arbitration is a fundamental question of arbitrability that should presumptively be decided by a court" absent an expression of a "clear and unmistakable indication" that the parties have agreed to delegate the question of arbitrability to the arbitrator).

23.    On or around July 15, 2025, counsel for Defendant unequivocally refused to withdraw all filings attempting to pursue the Class Claims in arbitration. *See* Ex. 5.

24.    On or around July 22, 2025, Defendant filed the Motion in arbitration seeking to certify a class of claimants to pursue the Class Claims. *See* Ex. 2.

25.    RWC has no recourse other than to seek a declaration and injunctive relief by this Court to preclude Defendant from pursuing the Class Claims in arbitration.

## COUNT I – DECLARATORY JUDGMENT

26.     RWC incorporates by reference its allegations in the above paragraphs as if fully set forth herein.

27.     RWC seeks declaratory and injunctive relief for the purpose of demonstrating an actual justiciable controversy between the parties, settling their rights under The Limited Warranty, status and/or other legal relations concerning the events described herein, and prohibiting Defendant from pursuing class claims in arbitration.

28.     Pursuant to 28 U.S.C. §§ 2201, *et seq.*, the Court is authorized, "[i]n a case of actual controversy within its jurisdiction, … [to] declare the rights and other legal relations of any interested party seeking such declaration."

29.     An actual controversy exists between RWC and Defendant. Specifically, actual and justiciable controversies exist regarding whether: (1) the Court or the arbitrator may determine the arbitrability of Defendant's purported Class Claims, and (2) the Class Claims may be pursued in arbitration pursuant to the terms of The Limited Warranty.

30.     Specifically, on or about July 14, 2025, RWC's counsel demanded Defendant's counsel withdraw all filings attempting to pursue the Class Claims in arbitration because, among other things, The Limited Warranty does not permit class claims to proceed in arbitration.

31.     In response, on or about July 15, 2025, counsel for Defendant declined to withdraw the Class Claims in arbitration and further doubled-down by filing the Motion for class certification on July 22, 2025.

32.     A declaration on the above issues will resolve the parties' dispute regarding whether The Limited Warranty precludes the Defendant from pursuing the Class Claims in an arbitration proceeding.

33.    A declaration will also serve the convenience of the parties and the public interest by clarifying the legal relationship between RWC and Defendant. Specifically, it will clarify Defendant's obligations as to the nature and extent of claims Defendant can bring against RWC in the arbitration proceeding pursuant to The Limited Warranty.

34.    A declaration is also the most convenient remedy for the parties and arbitrator in the arbitration proceeding because, by issuing the requested declaratory judgment, this Court can resolve the dispute between the parties as to the arbitrability of the Class Claims, rather than requiring the parties to arbitrate a dispute that they did not agree to submit to an arbitrator.

35.    Accordingly, RWC seeks a judicial declaration, pursuant to 28 U.S.C. §§ 2201 *et seq.*, declaring that (1) the Court must determine the arbitrability of Defendant's purported Class Claims, and (2) the Defendant may not pursue class claims in arbitration.

## PRAYER FOR RELIEF

WHEREFORE, RWC respectfully requests that the Court:

A.    Enter judgment in favor of RWC and against Defendant;

B.    Grant RWC a speedy hearing of this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57;

C.    Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.*, declaring that (1) the Court must determine the arbitrability of Defendant's purposed Class Claims, and (2) the Defendant may not pursue class claims in arbitration;

D.    Enter an Order enjoining Defendant from pursuing class claims in an arbitration proceeding;

E.     Award RWC damages, as well as pre- and post-judgment interest, costs, expenses, reasonable attorneys' fees, and such other relief as may be proper based on the allegations herein and under applicable law; and

F.     Order such other and further relief as the Court deems just and proper.

Dated: July 25, 2025                    Respectfully submitted,

                                        */s/ R. Bruce Barze, Jr.*
                                        R. Bruce Barze, Jr. (ASB-8163-R71R)
                                        Murphy M. Barze (ASB-1158-X67X)
                                        BARZE TAYLOR NOLES LOWTHER LLC
                                        Lakeshore Park Plaza
                                        2204 Lakeshore Drive, Suite 425
                                        Birmingham, AL 35209
                                        (205) 872-1015
                                        bbarze@btnllaw.com
                                        mbarze@btnllaw.com

                                        *Counsel for Plaintiff, Residential Warranty Company, LLC*