```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

RESIDENTIAL WARRANTY COMPANY, *
LLC,                          *
                              *
     Plaintiff,               *
                              *
vs.                           *
                              *  CIVIL ACTION NO. 25-00302-KD-B
                              *
VIRGINIA WHITE, Individually  *
and in her capacity as Power  *
of Attorney for Warren Simmons, *
                              *
     Defendant.               *

## ORDER

This action is before the Court on the motion to compel discovery responses filed by Defendant/Counterclaim Plaintiff Virginia White ("White") (Doc. 34). In the motion, White indicates that she propounded written requests for production of documents on Plaintiff/Counterclaim Defendant Residential Warranty Company, LLC ("RWC"), but RWC objected and refused to answer on the grounds that the requests were "premature as discovery cannot be initiated until after the Rule 26(f) and Civil L.R. 26 conference. (See Docs. 34, 34-2). White contends that RWC "is incorrect" because the preliminary scheduling order entered in this case "specifically states that discovery for injunctive relief is allowed prior to the Rule 26f conference." (Doc. 34 at 1-2).

Discovery is normally not permitted prior to the Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1) ("A party may not seek

discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."). "A court may allow discovery before the Rule 26(f) conference upon a showing of 'good cause.'" Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., 2008 U.S. Dist. LEXIS 27994, at *3-4, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); see also Nassau Terminals, Inc. v. M/V Bering Sea, 1999 WL 1293476, at *1 (M.D. Fla. July 1, 1999) ("The moving party . . . must show good cause for departing from the usual discovery procedures.").

White is correct that this Court's preliminary scheduling order generally permits a party to serve written discovery requests prior to the Rule 26(f) conference in an action in which a preliminary injunction or temporary restraining order is sought. (See Doc. 10 at 2). However, while White has included requests for a preliminary injunction within certain filings (see Doc. 9 at 25; Doc. 18 at 48; Doc. 19 at 32), RWC has filed motions asking the Court to strike those filings or require White to file a more definite statement. (See Docs. 12, 21, 25). RWC's motions remain pending before the District Court, and a cursory review of White's filings and RWC's motions suggests that the motions have at least a reasonable probability of success. Moreover, White has failed to demonstrate that the material sought is needed at this early juncture of the case.

2

Accordingly, the undersigned finds that White has not shown good cause to depart from the Court's usual practice of not permitting discovery prior to the entry of the Court's Rule 16(b) scheduling order, which will set out limits on the number of written discovery requests that can be served and specific procedures that the parties must follow in the event of a discovery dispute.  Indeed, upon review of the record, it does not appear either necessary nor appropriate to allow formal discovery to be commenced while this case remains in the pleading stage. Therefore, White's motion to compel discovery responses (Doc. 34) is **DENIED.**

**ORDERED** this **8th** day of **January, 2026.**

　　　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**