**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| RESIDENTIAL WARRANTY COMPANY LLC, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| vs. | ) )   Civil Action No. 25-00302-KD-B |
| VIRGINIA WHITE, Individually, and in her capacity as Power of Attorney for Warren Simmons, | ) ) ) ) ) |
| Defendant/Counterclaim Plaintiff. | ) |

<u>ORDER</u>

This action is before the Court on Plaintiff/Counterclaim Defendant Residential Warranty Company, LLC's (RWC) Motion to Strike the "1st Amended Verified Answer and Counterclaim for Declaratory Relief [and] Injunctive Relief and Class Certification" filed by Defendant Virginia White and RWC's Motion for More Definite Statement (docs. 19, 24, 25, 26, 32).[1] Upon consideration, the Motion to Strike is GRANTED and the Motion for More Definite Statement is GRANTED.  Accordingly, **Defendant Virginia White** is **ORDERED** to file, on or before **May 22, 2026**, a Second Amended Answer and Counterclaim which complies with this Order.  **RWC** shall on or before **June 5, 2026,** file an answer or otherwise respond to the Counterclaim.

---

[1] RWC's Motion to Strike (doc. 12) White's Verified Answer, etc. (doc. 9) and RWC's Motion for More Definite Statement (doc. 14), are dismissed as MOOT.  White timely amended her pleading once as a matter of course within 21 days of service of the Rule 12(f) and Rule 12(e) motions as provided in Fed. R. Civ. P. 15(a)(1)(B). Therefore, the First Amended Verified Answer, etc., (doc. 19) is now the operative pleading. <u>See Lowery v. Ala. Power Co</u>., 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.") (citations omitted); <u>see ACC Constr. Co. v. Robertson-CECO II Corp</u>., 2025 WL 2380720, at *2 (M.D. Ga. Aug. 15, 2025) (dismissing as moot a motion to dismiss the answer and counterclaim upon finding that the amended answer and counterclaim were now the operative pleading).

A. <u>Background</u>[2]

Virginia White hired D.R. Horton, Inc. – Birmingham to build her home.  She obtained a home warranty program from RWC through her builder.  The terms of the warranty are found in an agreement titled "The Limited Warranty" (doc. 1-4).

White filed a claim alleging construction defects.  RWC determined there were no "Major Structural Defects" and denied the claim.  As a result, White's claim fell within the definition of an "Unresolved Warranty Issue".  According to the terms of the Limited Warranty, if there is an Unresolved Warranty Issue, the individual claimant must arbitrate pursuant to the arbitration provision in the Limited Warranty, which provides for arbitration pursuant to the Federal Arbitration Act. (doc. 1, p. 5).  RWC and White began arbitration in Baldwin County, Alabama.

Relevant here, the Limited Warranty "is silent as to (1) whether the arbitrability of class claims is an issue for the Court or an arbitrator to decide, and (2) whether class claims may be pursued in arbitration." (doc. 1, doc. 1-4, Exh. 3, Limited Warranty).  Thus, when White filed a Verified Demand to pursue Class Claims against RWC in the arbitration, counsel for RWC notified White that pursuit of Class Claims in the arbitration was improper because of the terms of the Limited Warranty and binding precedent from the United States Supreme Court and the Court of Appeals for the Eleventh Circuit.  White refused to withdraw the filings related to her attempt and filed a motion in the arbitration seeking to certify a Class to pursue the Class Claims.

RWC then filed a Complaint for Declaratory and Injunctive Relief in this Court (doc. 1).  RWC "seeks declaratory and injunctive relief for the purpose of demonstrating an actual justiciable controversy between the parties, settling their rights under the Limited Warranty, status and/or other legal relations concerning the events described [in the Complaint], and prohibiting [White] from pursuing class claims in arbitration." (doc. 1, p. 7).

---

[2]  The background is summarized in part from the allegations in the Complaint

White filed a "Verified Answer and Counterclaim for Declaratory Relief [and] Injunctive Relief and Class Certification" (doc. 9). RWC then filed a Motion to Strike and a Motion for More Definite Statement (docs. 14, 15).  In response, White filed a First Amended Verified Answer, etc., within twenty-one days of service of RWC's Motions, which rendered the Motions moot and the First Amended Verified Answer, etc. (doc. 19 became the operative pleading. (See Footnote One).

RWC then filed the instant Motion to Strike the First Amended Verified Answer, etc. and Motion for More Definite Statement (docs. 24, 25, 26).  To date, White has not filed a response. Instead, White filed a Supplemental Verified Answer, etc. (doc. 32).

B. Analysis

1. Motion to Strike and Motion for More Definite Statement

RWC moves to strike White's First Amended Verified Answer, etc., pursuant to Fed. R. Civ. P. 12(f) (doc. 24). [3]   As grounds, RWC argues that the First Amended Verified Answer, etc., does not respond to the allegations in the Complaint and that the First Amended Verified Answer, etc., is a shotgun pleading which should be stricken in its entirety for failure to comply with Fed. R. Civ. P. 8(b) & (c), Fed. R. Civ. P. 10(b) and S.D. Ala. Civ. L.R. 10(a) and 10(b)[4] "and otherwise includes immaterial, impertinent, or scandalous matter in violation of Rule 12(f)" which should be stricken (doc. 13, p. 1).  RWC argues that White's pleading consists of discussions of alleged misconduct by RWC and unrelated third parties and spans more than thirty pages without clarification as to what part is the answer and what part is the counterclaim.

---

[3] RWC adopts the argument in its brief in support of the first Motion to Strike (see doc. 13).

[4] The Local Rules require that an answer "must respond in numbered paragraphs corresponding to the paragraphs of the pleading to which it refers" S.D. Ala. Civ. L.R. 10(b) and, relevant to the Counterclaim, a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Id., at 10(a). See also Fed. R. Civ. P. 10(b) ("Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

RWC moves pursuant to Fed. R. Civ. P. 12(e) for the Court to order White to file a more definite statement (doc. 25). RWC argues that the First Amended Verified Answer, etc., does not separate the answer from the purported counterclaim, and that it cannot determine "whether a given passage is intended as a denial, admission, or affirmative allegation" (doc. 26, p. 3).  RWC also points out that to the extent White brings a Counterclaim, is not clear as to what claims or causes of action she intends to assert against RWC, primarily because she did not set out separate counts based upon specific transactions or occurrences.  RWC argues that repleading is necessary because it cannot file a responsive pleading without the risk of prejudice.

RWC's Complaint is for declaratory and injunctive relief.  RWC alleges that a controversy exists between White and RWC as to whether the Court or the arbitrator may determine the arbitrability of White's purported Class Claims and whether the Class Claims may be pursued in arbitration pursuant to the terms of the Limited Warranty (which is silent as to either question). RWC asks that the Court declare that the Court must determine the arbitrability of White's purported Class Claims and declare that the Limited Warranty precludes White from pursuing the Class Claims in the arbitration.

The First Amended Verified Answer appears to be a cut and paste from the demand for arbitration and does not respond to the Complaint.  There is no section labeled "Answer".   White added paragraph numbers (which RWC pointed out as absent in the original Complaint) but there are no numbered paragraphs which correspond to the Complaint. Nor is there a short and plain statement of a defense, denial, admission, or a statement of insufficient information to deny or admit.  The closest "answer" is found on page 1 in the Introduction (doc. 19, p. 6). White states that RWC has not complied with the requirements for injunctive relief under Rule 65, because the "Complaint is not verified, there is no affidavit, and the Complaint does not allege any immediate and irreparable harm" (Id.).  But RWC did not invoke Fed. R. Civ. P. 65 which applies to

preliminary injunctions and temporary restraining orders. RWC invoked 28 U.S.C. § 2201, the statute for declaratory relief.

Moreover, White appears to raise one affirmative defense that is not viable – Waiver pursuant to Fed. R. Civ. P. 8(c)(1). White argues that by filing this action for declaratory and injunctive relief, "RWC has invoked litigation and knowingly waived its arbitration provision" (doc. 19, p. 7). White is correct that "waiver" typically requires a knowing relinquishment of the right to arbitrate by acting inconsistent with that right, such as filing a lawsuit instead of arbitrating. This occurs if a party files a lawsuit and then later tries to invoke the arbitration clause.  But that is not the circumstance here, because the parties are already in arbitration.

Also, the Counterclaim is not plead in a coherent manner.  There is no section captioned "Counterclaim" and there are no "Counts" against RWC, except a few sentences that possibly could be construed as a statement of a claim or count (doc. 19, p. 14 (sections of the Limited Warranty "are illegal and unconscionable"), p. 19, ¶ 17 (RWC's denials of 99% of the claims "is evidence of unconscionability" and violated the Alabama Deceptive Trade Practices Act); p. 25, last paragraph[5]).  And there are allegations against non-parties D.R. Horton, Inc., D.R. Horton-Huntsville, and D.R. Horton-Birmingham, which appear to raise claims that RWC and the Horton entities are committing misdemeanors by violating state law and municipal ordinances and committing fraud against the United States (doc. 19, p. 13-16, 19-21; 22-28).

Accordingly, RWC's Motion to Strike and Motion for More Definite Statement are GRANTED. **Defendant White** is **ORDERED** to file, on or before **May 22, 2026**, a Second

---

[5] "The construction exhibits and the actual construction of the property do not meet the local code requirements as set out throughout this draft demand for arbitration. The certifications are false and violate the Alabama Deceptive Trade Practices Act, constitute fraud and fraudulent concealment in the alternative and wantonness along with other causes of action."

Amended Verified Answer and Counterclaim which complies with this Order.  **RWC** shall on or before **June 5, 2026,** file an answer or otherwise respond to the Counterclaim.

**White is reminded** that her Second Amended Answer (defenses, admissions and denials) should comply with Fed. R. Civ. P. 8(b) which states that in "responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."  And comply with other provisions in Rule 8(b)(2)-(6) and with Rule 8(c) listing the affirmative defenses.

**White is reminded** that her Counterclaim should comply with Fed. R. Civ. P. 8(a) which states that a "pleading that states a claim for relief must contain: …  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

As to both her Second Amended Answer and Counterclaim, **White is reminded** that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1).  And as to both, White must state her "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. … If doing so would promote clarity, each claim founded on a separate transaction or occurrence and each defense other than a denial--must be stated in a separate count or defense."  Fed. R. Civ. P. 10(b).

**DONE** and **ORDERED** this 8th day of May 2026.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**