IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RESIDENTIAL WARRANTY COMPANY )
LLC, )
 )
    Plaintiff/Counterclaim Defendant, )
 )
vs. )    Civil Action No. 25-00302-KD-B
 )
VIRGINIA WHITE, Individually, and in )
her capacity as Power of Attorney for )
Warren Simmons, )
 )
    Defendant/Counterclaim Plaintiff. )

## ORDER

This action is before the Court on Defendant/Counter Plaintiff Virginia White's (White) "Motion for Class Certification and for Injunctive and Declaratory Relief Pursuant to FRCP Rule 23(b)(2) and [2]8 U.S.C. 2201, et seq." (doc. 18), Plaintiff/Counterclaim Defendant Residential Warranty Company, LLC's (RWC) Opposition (doc. 20), RWC's Motion to Strike the Motion for Class Certification, etc., (doc. 21), RWC's Motion to Stay Class-Related Proceedings (doc. 22), Memorandum in Support of the Motions (doc. 23), White's Response to the Motion to Stay (doc. 27), RWC's Reply in support of Motion to Stay (doc. 29), White's Supplement to the Motion for Class Certification, etc., (doc. 30),[1] White's Second Response to the Motion to Stay and First Response to the Motion to Strike (doc. 38), and White's Third Response to the Motion to Stay (doc. 39).[2][3][4]

---

[1]  The Supplement was incorrectly docketed as a Motion to Supplement. (doc. 30). Accordingly, the Clerk is directed to terminate the Motion.

[2] White's Request (doc. 37) to accept as timely her Response (doc. 38) to the Motion to Strike and to Stay (docketed as a motion for extension of time) is GRANTED in part and DENIED in part. White responds to two motions – RWC's Motion to Strike and Motion to Stay (docs. 21, 22).  The Court will accept as timely filed the part of White's Response which responds to RWC's Motion to Strike because she has not previously responded to this motion.  The Court will not accept as timely

I. RWC's Motion to Stay (doc. 22)

RWC moves to stay on grounds that class-related proceedings are premature (doc. 22). RWC argues that class related proceeding should not occur until after White files her Second Amended Answer and Counterclaim which comply with Fed. R. Civ. P. 8 and 12, and after RWC has had an opportunity to challenge the counterclaim.  RWC states that it plans to move to dismiss White's Second Amended Answer and Counterclaim when it is filed, and therefore, judicial economy and conservation of the parties' resources weigh in favor of a stay of the Motion for Class Certification until after the forthcoming motion to dismiss is decided.

RWC also argues that the Motion for Class Certification should be stayed because the parties have not filed a report of parties planning meeting. RWC points out that the parties have not had the opportunity for a conference with the Court regarding a schedule for class-related proceeding including discovery.

RWC argues that "moving forward with any class-related proceedings, including class certification or class discovery, before RWC has even had an opportunity to understand, respond to, and challenge the viability of White's purported class claims, would result in the unnecessary expenditure of both judicial and party resources, and severely prejudice RWC." (doc. 23, p. 4).

---

filed the part of White's Response which responds to RWC's Motion to Stay.  White has already responded to that motion (doc. 27) and RWC filed its Reply (doc. 29).

[3] White's Request (doc. 37) to accept as timely her "2nd Response" to RWC's Reply in support of its Motion for Stay is DENIED. The 2nd Response (doc. 39) is STRICKEN.  The 2nd Response is a sur-reply. White admits she did not seek permission to file a sur-reply (doc. 41).  Thus, the Court did not authorize a sur-reply.  Also, neither the Federal Rules of Civil Procedure nor the Local Rules authorize a sur-reply.  See S.D. Ala. Civ. L.R. 7.

[4] White filed a Motion to Amend and Clarify Prior [Motion] due to Clerical Error (doc. 41).  White explains that in her Motion to Accept her responses as timely (doc. 37), she "did not intend to represent" that RWC consents to White's surreply or to a second response to RWC's Motion to Stay White seeks to correct the record, apparently in reply to RWC's response that it only consents to a response to the Motion to Strike.  Accordingly, the Motion (doc. 41) is GRANTED.

The Court agrees that the Motion for Class Certification is premature. At this point, White has been ordered to file an Amended Answer and Counterclaim. Until the viability of her Class Action Counterclaim is established, the issue of Class Certification is premature. Also, the parties have not yet filed their report of parties planning meeting, [5] and the Court has not entered a Rule 16(b) Scheduling Order. Therefore, the parties have not engaged in discovery with regard to RWC's Complaint or class-related discovery with regard to White's Counterclaim.[6] Accordingly, the Motion to Stay is GRANTED. The Motion for Class Certification is stayed until further order of the Court.

II. RWC's Motion to Strike (doc. 21).

RWC moves to strike White's Motion for Class Certification on grounds that her motion exceeds the 30-page limit set in S.D. Ala. Civ. L.R. 7(e) (doc. 21). Upon consideration, the Motion to Strike is DENIED at this time. Should White's forthcoming Second Amended Answer and Counterclaim survive RWC's forthcoming Motion to Dismiss, the Court may re-visit the issue of excess pages in the Motion for Class Certification.

**DONE** and **ORDERED** this 18th day of May 2026.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[5] The filing deadline for the Report of Parties Planning Meeting has been stayed (doc. 17).

[6] See doc. 36, Magistrate Judge Bivins' Order denying White's motion to compel discovery and explaining that discovery is stayed until after the parties have met and conferred regarding discovery.