**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**RESIDENTIAL WARRANTY COMPANY LLC,**

**Plaintiff/Counterclaim Defendant,**

**vs.** **Civil Action No. 25-00302-KD-B**

**VIRGINIA WHITE, Individually, and in her capacity as Power of Attorney for Warren Simmons,**

**Defendant/Counterclaim Plaintiff.**

**ORDER**

This action is before the Court on Defendant/Counter Plaintiff Virginia White's Motion to Lift the Stay for Class Certification (doc. 58),[1] Plaintiff/Counterclaim Defendant Residential Warranty Company LLC's opposition to the Motion (doc. 62), and White's Reply (doc. 63).

I. Background

Previously, White filed an "Amended Answer and Counterclaim for Declaratory Relief Injunctive Relief and Class Certification" (doc. 19). Contemporaneously therewith, White filed a "Motion for Class Certification and for Injunctive and Declaratory Relief Pursuant to FRCP Rule 23(b)(2) and [2]8 U.S.C. 2201, et seq." (doc. 18), as supplemented (docs. 30).[2] The Court entered an order staying consideration of White's Motion for Class Certification, etc. (doc. 43). The Court stated as follows:

[1] White's Motion to Amend/Correct (doc. 58) is GRANTED. The first motion that White filed (doc. 57) did not contain page three. The second motion filed later that day (doc. 58) contains page three and is the operative motion.

[2] White filed another supplement to her motion (doc. 64). RWC responds to the supplement on grounds that it continues to oppose the motion for class certification (doc. 65). White moves the Court for leave to file a reply (doc. 66) and reply (doc. 67). White's Motion (doc. 66) is GRANTED.

> The Court agrees that the Motion for Class Certification is premature. At this point, White has been ordered to file an Amended Answer and Counterclaim. Until the viability of her Class Action Counterclaim is established, the issue of Class Certification is premature. Also, the parties have not yet filed their report of parties planning meeting, and the Court has not entered a Rule 16(b) Scheduling Order. Therefore, the parties have not engaged in discovery with regard to RWC's Complaint or class-related discovery with regard to White's Counterclaim. Accordingly, the Motion to Stay is GRANTED. The Motion for Class Certification is stayed until further order of the Court.

(Doc. 43, p. 3) (footnotes omitted).

After the order was entered, White filed her Second Amended Answer and Counterclaim for Declaratory Judgment and Class Action Complaint (doc. 44). RWC filed a motion to compel arbitration (doc. 45) and a motion for summary judgment (doc. 47, 48). White filed a response, cross-motion for summary judgment, a motion to amend the cross-motion, and cross-motion for class certification (docs. 51, 52). These motions have been fully briefed and will be addressed by separate order.

II. Analysis

In her motion to lift the stay (doc. 58), White argues that the motion for class certification was stayed to allow RWC "to contest the validity of White and the putative class's Second Amended Answer and Counterclaim" but "RWC has not done so"[3] and thus admits the validity and "has waived this point" (Id.). White also argues that RWC's position regarding arbitration - that the arbitration agreement does not permit class wide disputes to proceed in arbitration, that White should be compelled to arbitrate her individual counterclaims raised in this action, and that because

[3] White is incorrect. RWC filed a motion to compel arbitration of White's individual counterclaims and a motion to dismiss the class counterclaims (docs. 45, 46) and a motion for summary judgment (docs. 47, 48).

she cannot pursue individual claims in this court, she cannot serve as a class representative in this court[4] - does not justify continuing the stay. [5]

RWC opposes the Motion. RWC argues that the Court has not yet determined the validity of White's individual counterclaim or her class action counterclaim and thus the motion for class certification remains premature, and the stay should continue (doc. 62, citing docs. 45-48, 53, 54).

III. Conclusion

Upon consideration, White's motion to lift the stay is GRANTED. However, the motion for class certification (doc. 18) is DENIED as premature. If White's class action counterclaim survives the pending motions to compel arbitration and dismiss, survives the cross motions for summary judgment, and **class action discovery is completed,** White may then file a renewed motion for class certification.[6]

**DONE** and **ORDERED** this 17th day of September 2026.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] See RWC's motion to compel arbitration (doc. 45).

[5] White filed a reply (doc. 63). However, her reply does not address RWC's position that the stay should not be lifted. Instead, she argues that RWC has waived certain arguments or defenses relevant to the pending dispositive motions or the motion for class certification.

[6] The Court acknowledges that White's cross motion for class certification is pending (doc. 51, p. 23-24). As previously stated, the Court will address this motion by separate order.