**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RESIDENTIAL WARRANTY COMPANY LLC,** | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 25-00302-KD-B** |
| | ) | |
| **VIRGINIA WHITE, Individually, and in her capacity as Power of Attorney for Warren Simmons,** | ) | |
| | ) | |
| **Defendant/Counterclaim Plaintiff.** | ) | |

**ORDER**

This action is before the Court on the following motions:

Plaintiff/Counterclaim Defendant Residential Warranty LLC's (RWC) Motion for Summary Judgment on its Complaint for Declaratory and Injunctive Relief and Memorandum in support (docs. 47, 48), Defendant Virginia White's Response in Opposition and Cross Motion for Summary Judgment, Injunctive Relief and Class Certification (doc. 51), White's Amendment to her Response (doc. 52),[1] and RWC's Reply (doc. 59);

RWC's Motion to Strike White's Cross Motion for Class Certification (doc. 53), White's Response in opposition (doc. 56), and RWC's Reply (doc 62);[2] [3]

---

[1] White's Motion for Leave to File an Amendment to her Response (doc. 52) is GRANTED.

[2] In reply, RWC rested on its prior briefing in opposition to Class Certification.

[3] RWC's Motion to Shorten Time for White to respond to RWC's Motion to Strike and Motion to Stay Briefing and Consideration of Cross Motion (doc. 55) is MOOT. White filed her response to the Motion to Strike within the requested time (doc. 56). White has not responded to the Motion to Stay.

RWC's Motion to Stay Briefing and Consideration of White's Cross Motion for Summary Judgment (doc. 54), and RWC's Limited Opposition to White's Cross Motion for Summary Judgment and Request to Suspend Briefing (doc. 61) (White did not respond to these motions).

Upon consideration, and for the reasons set forth herein, RWC's Motion for Summary Judgment for Declaratory and Injunctive Relief (doc. 47) is GRANTED in part as set forth herein; White's Cross-Motion for Summary Judgment and Injunctive Relief (doc. 51) is DISMISSED and RWC's Motion to Stay briefing and consideration (doc. 54) is MOOT; and White's Cross-Motion for class certification of her Class Action Counterclaim (doc. 51) is DISMISSED and RWC's Motion to Strike (doc. 53) is MOOT.

I. Background

A. The Arbitration between White and RWC

White and Simmons executed a Purchase Agreement with DR Horton, Inc. – Birmingham to build a home. The Purchase Agreement stated that "[a]t closing], DR Horton would provide the buyers "with a written, ten-year limited warranty on the House administered by [RWC]" and that the "terms and conditions of, and exclusions from, the ten-year limited warranty shall be as set forth in that document published by RWC entitled, 'LIMITED WARRANTY, 10 YEAR LIMITED WARRANTY FOR NEW HOMES[.]'" (doc. 44-12, ¶ 14.a.) (capitalization in original).

White made a claim under the Limited Warranty.[4] She alleged certain construction defects in her home. RWC determined there were no "Major Structural Defects" and denied the claim. As a result, White's claim fell within the Limited Warranty's definition of an

[4] RWC is the administrator for claims under the Limited Warranty (doc. 1-4, p. 3).

"Unresolved Warranty Issue". According to its terms, if there is an Unresolved Warranty Issue, the individual claimant must arbitrate pursuant to the arbitration provision in the Limited Warranty, which provides for arbitration pursuant to the FAA. Her claim was sent to arbitration (doc. 1, p. 2-5; doc. 1-4, Limited Warranty).

Then, on July 8, 2025, White "Individually and as Class Representative" filed a "Verified Demand for Arbitration and Injunctive Relief" in the arbitration proceeding (doc. 1-2). However, because the Limited Warranty did not provide for arbitration of class claims, on July 14, 2025, RWC wrote White and explained

> Your filings are in direct contravention of black-letter law of the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit, which hold that (1) the court, not an arbitrator, must decide whether the parties to an arbitration agreement have agreed to arbitrate class claims, (2) arbitration provisions that are silent as to class claims do not authorize class actions to proceed in arbitration, and (3) class actions cannot be pursued in any forum where the purported class plaintiffs are bound to arbitrate their disputes.

(Doc. 1-5).

White refused to withdraw the Demand in arbitration (doc. 1-6, July 15, 2025, letter from White to RWC).[5] On July 22, 2025, White filed a "Verified Motion for Class Certification of [RWC] Horton Homeowners and Request for Injunctive Relief" (doc. 1-3).

B. <u>The action in this Court</u>

---

[5] White asserted that because the Home Purchase Agreement (HPA) had an arbitration provision stating the American Arbitration Association rules apply, and because the AAA rules allow a class action to proceed in arbitration if the arbitration provision is silent as to class actions, and because the arbitration provision in the Limited Warranty was silent as to class arbitration, she could proceed with a class action in the arbitration. The HPA arbitration provision does state that the purchaser and seller are subject to AAA Rules as to disputes arising from the HPA. However, that provision excluded the Limited Warranty stating: "Notwithstanding any other provision herein, any disputes arising under the Limited Warranty shall be mediated, arbitrated and/or judicially resolved pursuant to the terms, conditions, procedures and rules of that warranty

On July 25, 2025, RWC filed the instant Complaint for Declaratory and Injunctive Relief in this Court (doc. 1). RWC "seeks declaratory and injunctive relief for the purpose of demonstrating an actual justiciable controversy between the parties, settling their rights under the Limited Warranty, status and/or other legal relations concerning the events described [in the Complaint], and prohibiting [White] from pursuing class claims in arbitration." (Id. p. 7).

White filed a "Verified Answer and Counterclaim for Declaratory Relief [and] Injunctive Relief and Class Certification" (doc. 9). RWC then filed a Motion to Strike and a Motion for More Definite Statement (docs. 14, 15). In response, White filed a First Amended Verified Answer and Counterclaim, etc. within twenty-one days of service of RWC's Motions, which rendered the Motions moot. The First Amended Verified Answer and Counterclaim, etc. (doc. 19) became the operative pleading.

RWC filed a Motion to Strike the First Amended Verified Answer and Counterclaim, etc. and Motion for More Definite Statement (docs. 24-26). Instead of a response, White filed a Supplemental Verified Answer and Counterclaim. RWC's Motions were granted (doc. 42). As a more definite statement, White filed a "Second Amended Answer and Counterclaim" and "White's Second Amended Counterclaim Verified Class Action Complaint" (doc. 44). White appears to plead individual and class counterclaims: "Plaintiffs Virginia White and the putative class bring this Counterclaim against [RWC] requesting certification of the class, or alternatively, a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57" (doc. 44, p. 5-6). As grounds, White alleges "Joint Enterprise and Conspiracy" against RWC and certain non-party "Horton entities" for engaging in an illegal conspiracy to sell homes subject to warranty provisions that are illegal, unconscionable and unenforceable, and violate building

program" (doc. 19-5, p. 5). The arbitration provision in the Limited Warranty does not mention the AAA. Thus, the AAA rules do not apply.

codes (Id., p. 7-10). She also alleges "Illegality, Unconscionability, Failure of Consideration, and Lack of Consideration" regarding certain provisions in the Limited Warranty (Id., at p. 10), and "Violation of Building Codes and Federal Law" (Id., p. 11).

White also alleges that the "proposed class consists of all D.R. Horton homeowners in Baldwin and Mobile Counties whose homes are less that ten (10) years old, together with a proposed statewide class" (Id., p. 11). She alleges that the elements for a Fed. R. Civ. P. 23(b) class – numerosity, commonality and typicality – are met, that she is an adequate class representative, and that her counsel is an adequate class counsel (Id.). She requests the Court certify the proposed class pursuant to Rule 23(b)(2) (Id., p. 13). White, and the "putative class", "alternatively", seeks a declaration that the Limited Warranty provisions identified in her counterclaim are "illegal, unconscionable, and unenforceable" under Alabama law, and unenforceable "as well as for lack and/or failure of consideration." (Id., p. 7, 9). And that the "Court should enter a declaratory judgment … declaring the Warranty provisions illegal and unconscionable under Alabama law" (Id., p. 13).

White also alleges in her Second Amended Answer and Counterclaim that by filing a Declaratory Judgment action in this Court, RWC knowingly waived arbitration and therefore, multiple issue are now moot due to waiver (Id). In her "Prayer for Relief", White requests "a finding that RWC knowingly waived arbitration" (Id., p. 13).

Earlier in this action, White filed a "Motion for Class Certification and for Declaratory and Injunctive Relief Pursuant to FRCP 23(b)(2) and 18 USC 2201 et seq." (doc. 18) supplement, (doc. 30). RWC's motion to stay consideration of the Motion was granted (doc. 43, p. 3). White subsequently moved to lift the stay and for consideration of her Motion (docs. 57, 58). Her motion to lift the stay was granted. However, the Motion for Class Certification

was denied as premature (doc. 68). The Court stated that if "White's class action counterclaim survives the pending motions to compel arbitration and dismiss, survives the cross motions for summary judgment, and class action discovery is completed, White may then file a renewed motion for class certification." (doc. 68, p. 3).

RWC also filed a Motion to Compel to Arbitration White's individual counterclaims, Motion to Stay this proceeding pending arbitration, and Motion to Dismiss the Putative Class Counterclaims (doc. 45). The Motions were granted (doc. 70).

II. Standard of review

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome" of the case, and a genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment "bears the initial burden of demonstrating the absence of a genuine dispute of material fact." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011). To carry that burden, the movant must identify affirmative evidence to support its assertion that no genuine dispute of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A).

If the nonmovant bears the burden of persuasion at trial, the movant can carry its summary-judgment burden by showing that the evidence does not suffice to prove an essential element of the nonmovant's claim. Grange Mut. Cas. Co. v. Slaughter, 958 F.3d 1050, 1057 (11th Cir. 2020); Fed. R. Civ. P. 56(c)(1)(B).

If the movant carries its initial burden, the Court will grant summary judgment unless the nonmovant offers evidence admissible at trial that demonstrates the existence of a genuine dispute of material fact. Celotex, 477 U.S. at 324. If the movant carries its burden by pointing "to specific portions of the record . . . to demonstrate that the nonmoving party cannot meet its burden of proof at trial," then the nonmovant must "go beyond the pleadings" to identify specific facts that create a genuine issue for trial. Id.; Fed. R. Civ. P. 56(e).

When evaluating a motion for summary judgment, the Court does not determine credibility or weigh the evidence. Anderson, 477 U.S. at 255. Instead, the Court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." FindWhat, 658 F.3d at 1307. Accordingly, summary judgment is appropriate only if the movant shows that no reasonable jury could find for the nonmovant—even when all the evidence is viewed in the light most favorable to the nonmovant and all reasonable inferences are drawn in her favor. If there is any room for doubt, the jury must decide.

III. Analysis

A. Declaratory relief

RWC seeks a declaration that this Court, not an arbitrator, must determine the arbitrability of any class claims asserted by White in the arbitration (docs. 47, 48). RWC argues that the arbitration provision in the Limited Warranty does not include an agreement to submit this gateway question of arbitrability to an arbitrator and in that circumstance, this Court must determine whether the Limited Warranty allows White to proceed with class claims in arbitration (doc. 48, p. 6-7). RWC relies upon JPay, Inc. v. Kobel, 904 F.3d 923, 935-36 (11th Cir. 2018) for its holding that 1) the availability of class arbitration is a question

of arbitrability, “presumptively for the courts and not the arbitrator” and that 2) unless the agreement contains clear and unmistakable words showing an intent to “overcome the default presumption and delegate the question to arbitration”, the court must decide this issue. In that regard, RWC argues that the Court should decide this issue and declare that White may not pursue class claims in arbitration.

RWC also seeks injunctive relief to enjoin White from pursuing class claims in her arbitration (docs. 47, 48). RWC relies upon the Supreme Court decision in Lamps Plus, Inc. v. Varela, that “[n]either silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to [arbitrate class claims].” 587 U.S. 176, 186 (2019) (doc. 48, p. 8). RWC argues that because the Limited Warranty does not address class claims or class arbitration, under Lamps Plus, it is entitled to a declaration that the Limited Warranty does not permit class claims to be pursued in arbitration and injunctive relief prohibiting White from pursuing class claims in the arbitration. (Id.).

In response, White argues that RWC has waived the arbitration provision by filing this action and seeking affirmative relief from this Court (doc. 51, p. 12). White argues that the “main reason RWC’s Motion fails is waiver” because by filing this action RWC has chosen litigation (Id). She argues that “RWC filed a new federal lawsuit and asked this Court to decide the rights of the parties under the Limited Warranty” (Id., p. 13). White argues that “RWC may argue that it filed this action only because class arbitrability is a gateway issue for the Court. But that argument does not defeat waiver” (Id.). [6] White also argues that “RWC’s

---

[6] White cites to Morgan v. Sundance Inc., 596 U.S. 411(2022) in support. In Morgan, the Supreme Court eliminated prejudice from the waiver analysis. The Court explained that “[o]utside the arbitration context, a federal court assessing waiver does not generally ask about prejudice. Waiver, we have said, ‘is the intentional relinquishment or abandonment of a known right.’” Id. p. 417 (citation omitted). The Court further explained that to “decide whether a

reliance on Jpay and Lamps Plus does not defeat waiver or the contract defenses" to the Limited Warranty that she raises (Id., p. 14).

Though non-responsive to the issue of whether the Limited Warranty provides for class action arbitration, White, applying Alabama contract law, argues that there was no meeting of the minds or assent to the Limited Warranty,[7] that the Limited Warranty and arbitration provision "fail for lack of consideration and lack of mutuality", and that they are unconscionable (Id., p. 15-20).

White's argument as to waiver is without merit. The Court has found that RWC did not waive arbitration. See Order granting motion to compel arbitration (doc. 70). White's arguments that the Limited Warranty and arbitration provision lack mutual assent, etc., are not responsive to the question before the Court: whether this Court, not an arbitrator, must determine whether White's class claims are arbitrable in the arbitration. See JPay, Inc., 904 F.3d at 935. Because there are no clear and unmistakable words in the arbitration provision to show that the parties intended for this question to be delegated to the arbitrator, the Court

---

waiver has occurred, the court focuses on the actions of the person who held the right; the court seldom considers the effects of those actions on the opposing party." Id., p. 417.

[7] Relying upon her affidavit, White assert that "she and her father were not given the packet of documents [containing the Limited Warranty] until after the closing papers were signed, never saw the Limited Warranty before closing, were not told about the arbitration clause, and had no knowledge the arbitration clause was in the packet." (doc. 51, p. 16). White also relies upon the affidavit of Kelly Childress, a former closing agent for DR Horton (doc. 52, Amendment). Childress testified as to DR Horton closing procedures – such as "rushing" buyers to closing on houses with long punch lists of incomplete items, pressuring buyers to close on houses that were not as planned and expected, and defects to her own Horton home (doc. 52-1). Childress stated that closing agents were not trained to explain the Horton Warranty to purchasers and that the "warranty was given to the purchasers at closing" when "there were many documents to sign" and that she was "unaware of anyone explaining the warranty or the mandatory arbitration clause to the purchaser" (Id.). She also stated that "I was never trained by Horton that there was an American Arbitration Assn Due Process Clause. To my knowledge no other closer was trained in that manner. I had no knowledge from my training that Horton could fail to repair or replace items to conform to the code or any of the other exclusions set out in the warranty." (Id.).

finds that it must determine the arbitrability. In that regard, the Court finds that White's class claims are not arbitrable and therefore, White may not pursue class claims in the arbitration. Accordingly, summary judgment is granted in favor of RWC.

RWC also seeks injunctive relief to enjoin White from pursuing class claims in the arbitration. In response, White argues that RWC has not shown that the four elements for injunctive relief have been met – substantial likelihood of success on the merits, irreparable injury if the injunction is not granted, inadequacy of legal remedies (injury to the movant outweighs the damages the proposed injunction may cause), and that the public interest would not be disserved (doc. 51, p. 20-21).

White's argument is not responsive to the issue before the Court. RWC seeks injunctive relief pursuant to 28 U.S.C. § 2201(a). Under this statute, the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." However, because White has now filed her Class Action Counterclaim and indicated therein that she intends to pursue her class action claims in this Court and not in the arbitration, the Court finds that enjoining White from pursuing class claims in arbitration is not necessary.

B. White's Cross-Motion for Summary Judgment, Injunctive Relief, and Class Certification

In the Cross-Motion, "White and the putative class move for summary judgment and injunctive relief declaring the challenged RWC warranty provisions unconscionable, unsupported by adequate consideration or mutuality and unenforceable as RWC seeks to use them." (doc. 51, p. 22-23). In response, RWC filed a Motion to Stay briefing and consideration of White's Cross Motion for Summary Judgment and Injunctive Relief (doc.

54). RWC argues that the Court should stay briefing and consideration "pending the Court's ruling on RWC's motion to compel arbitration of Ms. White's individual counterclaims" (doc. 54, p. 1). The Court has determined that White must arbitrate her individual counterclaims and granted RWC's Motion to Compel Arbitration (doc. 70). The Court has also found that White cannot represent the putative class and dismissed the Class Action Counterclaim (Id.). Accordingly, White's Cross-Motion for Summary Judgment and Injunctive Relief (doc. 51) is DISMISSED and RWC's Motion to Stay briefing and consideration (doc. 54) is MOOT.

White also cross-moves for class certification of her Class Action Counterclaim and argues that "Class Certification is appropriate under Rule 23(b)(2)" (Id. p. 23-24). In response, RWC moves the Court to strike her Cross Motion for Class Certification (doc. 53). As grounds, RWC argues that White's cross-motion violates this Court's Order stating that White's original Motion for Class Certification (doc. 18) was premature and points out that the Court stated that it would not consider class certification "[u]ntil the viability of [White's] Class Action Counterclaim is established" (doc. 43, Order, at p. 2).

As previously stated, the Court has determined that White must arbitrate her individual counterclaims and granted RWC's Motion to Compel Arbitration (doc. 70). The Court has also found that White cannot represent the putative class and dismissed the Class Action Counterclaim (Id.). Accordingly, White's Cross-Motion for class certification of her Class Action Counterclaim (doc. 51) is DISMISSED and RWC's Motion to Strike (doc. 53) is MOOT.

IV. <u>Conclusion</u>

Upon consideration, and for the reasons set forth herein, RWC's Motion for Summary Judgment for Declaratory and Injunctive Relief (doc. 47) is GRANTED in part as set forth

herein; White's Cross-Motion for Summary Judgment and Injunctive Relief (doc. 51) is DISMISSED and RWC's Motion to Stay briefing and consideration (doc. 54) is MOOT; and White's Cross-Motion for class certification of her Class Action Counterclaim (doc. 51) is DISMISSED and RWC's Motion to Strike (doc. 53) is MOOT.

Final judgment on RWC's Complaint for Declaratory and Injunctive Relief shall be entered by separate document as required in Fed. R. Civ. P. 58(a) and 54(b) ("… the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay.").

This action remains stayed as to the arbitration of White's individual counterclaims (doc. 70).

**DONE** and **ORDERED** this 13th day of November 2026

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**